**CV 12-4199**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Dorian Cheeks,<br><br>        Plaintiff,<br>-v-<br><br>Freeport Pancake House Inc., and<br>W. P. S. Industries, Inc.,<br><br>        Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>Jury Trial Demanded |

SEYBERT, J.

BOYLE, M.J.

Plaintiff Dorian Cheeks, ("Plaintiff" or "Cheeks"), by Abdul K. Hassan, Esq., his attorney, complaining of the defendants, respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by defendants and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207, 216 (b), that he is: (i) entitled to unpaid wages from defendant for overtime work for which he did not receive overtime premium pay, and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including § 216(b)

2. Plaintiff further complains, that he is: (i) entitled to unpaid wages from Defendants for overtime worked for which he did not receive any premium pay; and (ii) is entitled to liquidated damages and attorneys fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., and the regulations thereunder including 12 NYCRR § 142-2.2.

3. 'Plaintiff is also entitled to recover his unpaid wages under Article 6 of the New York Labor Law including Section 191 and is entitled to maximum liquidated damages/penalties and attorneys' fees pursuant to Section 198 of the New York Labor Law.

4. Plaintiff complains that defendants demoted and then terminated him in retaliation and discrimination and in violation of NY Labor Law § 215 for engaging in protected activity

1

such as opposing and complaining in good faith about defendant's failure to pay plaintiff and other wages owed under the NYLL. Plaintiff seeks the recovery of lost income including back pay and front pay, lost benefits, past and future pain and suffering/mental anguish and distress, punitive damages, maximum liquidated damages, as well as attorney's fees and costs.

5. Plaintiff further complains that defendants demoted and then terminated him in retaliation and discrimination and in violation of violation the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant's failure to pay plaintiff and others wages owed under the FLSA. Plaintiff seeks the recovery of lost income including back and front pay, past and future pain and suffering/metal distress and anguish, maximum liquidated damages and punitive damages as well as attorney's fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

## THE PARTIES

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202.

9. Plaintiff is an adult, over eighteen years old, who currently resides in Queens County, New York.

10. Upon information and belief, Freeport Pancake House Inc., ("Freeport Pancake" or "FPH") is

a domestic for-profit corporation organized and existing under the laws of the State of New York.

11. Upon information and belief, W. P. S. Industries, Inc., ("WPS") is a domestic for-profit corporation organized and existing under the laws of the State of New York.

12. Upon information and belief, and at all times relevant herein, defendant Freeport Pancake operated a place of business at s a place of business at 133 West Sunrise Highway, Freeport, NY 11520.

13. Upon information and belief, and at all times relevant herein, defendant WPS operated a place of business at s a place of business at 180 East Sunrise Highway, Valley Stream, NY 11581.

14. Upon information and belief, and at all times relevant herein, Daniel Y. Chun, was the Chief Executive Officer of both defendants.

15. Upon information and belief, and at all times relevant herein, Daniel Y. Chun, owned and/or controlled defendants in whole or in part.

16. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the two-year and three-year period preceding the filing of this complaint but this period may be longer.

17. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint but this period may be longer.

18. Upon information and belief and at all times applicable herein, defendant did not display the required FLSA and NYLL posters and notices of employee wage and overtime rights as was required by the FSLA and NYLL and the regulations thereunder.

19. The relevant and applicable times will be refined as is necessary, including after discovery if necessary.

20. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## STATEMENT OF FACTS

21. Upon information and belief, and at all times relevant herein, defendant were engaged in the restaurant business.

22. Plaintiff was employed by defendants from on or about January 16, 2010 to June 4, 2012.

23. From on or about January 16, 2010 to around February 2011, plaintiff was employed by defendant Freeport Pancake as a server and was paid on an hourly basis. During this period, plaintiff worked more than 40 hours a week but was not paid at least 1.5 times his regular rate for hours of work over forty.

24. From around February 2011 to September 2011, plaintiff was given the title of manager with defendant Freeport Pancakes and was given an increase in pay. During this period, plaintiff was a "manager" in title only and plaintiff worked more than 40 hours a week but was not paid at least 1.5 times his regular rate for hours of work over forty.

25. Plaintiff was demoted by defendant Freeport Pancakes back to the position of server in September 2011 because he opposed and objected to defendant's policy and orders to underpay employees for overtime hours.

26. From September 2011 to around March 2012, plaintiff worked as a server for defendant Freeport Pancake, paid on an hourly basis. During this period, plaintiff worked more than 40 hours a week but was not paid at least 1.5 times his regular rate for hours of work over forty.

27. From March 2012 until his termination on June 4, 2012, plaintiff worked for defendant WPS.

During this period, plaintiff was a "manager" in title only and plaintiff worked more than 40 hours a week but was not paid at least 1.5 times his regular rate for each and all hours of work over forty in a week.

28. On or about June 4, 2012, plaintiff complained in good faith to defendant's owner Mr. Daniel Chun, that he was working sometimes 60 hours a week without overtime pay and that he was also entitled to be taking a lunch break the day he was fired because he was working a double shift that day. In response to plaintiff's objections, Mr. Chun became angry and fired plaintiff because of his objections.

29. Because of Plaintiff's history of opposing defendants' practice of underpaying employee overtime, defendants were a lot less tolerant of further objections from plaintiff and defendants as such, quickly terminated plaintiff when he complained in good faith about overtime hours and pay and his entitled to and need for a lunch break.

30. Throughout his employment with Defendant, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in some or all weeks, but was not paid at a rate of at least 1.5 times his regular rate for <u>each</u> and all hours worked in excess of forty hours in a week.

31. At all times relevant herein, Defendant failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for each and all hours worked in excess of forty hours a week.

## AS AND FOR A FIRST CAUSE OF ACTION – Unpaid Overtime
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

32. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 31 above as if set forth fully and at length herein.

33. At all times relevant herein, plaintiff was employed by defendants within the meaning of the FLSA - 29 U.S.C § 201 et Seq.

34. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or each defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207(a).

35. At all times relevant herein, each defendant, upon information and belief, transacted commerce and business in excess of $500,000.00 annually or had revenues or expenditures in excess of $500,000.00 annually.

36. **At all times relevant herein, each defendant failed and willfully failed to pay plaintiff overtime wages at rates of at least 1.5 times his regular rate of pay for each and all hours he worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207, 216(b).**

### Relief Demanded

37. Due to each defendant's FLSA violations, plaintiff is entitled to recover from each defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR A SECOND CAUSE OF ACTION – Unpaid Overtime
### NEW YORK MINIMUM WAGE ACT NYLL 650 et Seq.

38. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 36 above as if set forth fully and at length herein.

39. At all times relevant to this action, plaintiff was employed by each defendant, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

40. **At all times relevant to this action, each defendant failed and willfully failed to pay plaintiff overtime wages at rates of at least 1.5 times his regular rate of pay for each and all hours he worked in excess of forty hours in a week, in violation of the New York**

Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

### Relief Demanded

41. Due to Defendant's New York Labor Law violations, plaintiff is entitled to recover from each defendant, his unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A FOURTH CAUSE OF ACTION
## NEW YORK LABOR LAW § 190, 191 and 198

42. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 41 with the same force and effect as if fully set forth at length herein.

43. At all times relevant to this action, plaintiff was employed by each defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191 and 198 and the applicable regulations thereunder.

44. Each defendant violated and willfully violated plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191 and 198 by failing to pay plaintiff all his wages (including his overtime wages, as required by and within the time specified in NY Labor Law § 190 et seq. specifically including NY Labor Law §§ 191, 198.

### Relief Demanded

45. Due to defendant's New York Labor Law Article 6 violations including violation of section 191, plaintiff is entitled to recover from defendant, his entire unpaid wages and compensation, plus maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FLSA RETALIATION/DISCRIMINATION - 29 U.S.C § 215

46. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 45

above as if set forth fully and at length herein.

47. At all times relevant to this action, plaintiff was employed by each defendant within the meaning of the FLSA including 29 USC § 207 and 29 USC § 215.

48. At all times relevant herein, plaintiff was engaged in commerce and/or in the production of goods for commerce and/or each defendant constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

49. At all times relevant herein, each defendant was a covered person or entity within the meaning of 29 USC § 215.

50. At all times relevant herein, each defendant, transacted and transact commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

51. Defendant Freeport Pancake, demoted plaintiff, in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant policy and requirement of reducing employees' overtime wages by reducing the overtime hours already worked.

52. Defendant WPS, discharged/terminated plaintiff, in retaliation and discrimination and in violation of the FLSA at 29 USC § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant's failure to pay him overtime wages and not allowing him his lunch break. Defendant WPS' discharge of plaintiff was accelerated and hastened by defendant's prior opposition to defendant Freeport Pancake's improper reduction of and failure to pay employees all their overtime wages – Mr. Daniel Chun was the person who demoted plaintiff at Freeport Pancake and was the person to discharge plaintiff at defendant WPS and Mr. Chun owns and controls Freeport Pancake as well as WPS.

### **Relief Demanded**

53. Each Defendant's FLSA violations, have caused and proximately caused plaintiff to suffer

damages and plaintiff is entitled to recover from defendants all his damages including his lost wages such as back pay and front pay in lieu of reinstatement, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §§ 215, 216(b).

## AS AND FOR A SIXTH CAUSE OF ACTION
## RETALIATION/DISCRIMINATION - NYLL § 215

54. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 52 above as if set forth fully and at length herein.

55. At all times relevant herein, plaintiff was employed by each defendant, within the meaning of the New York Labor Law §§ 2, 215 and 651.

56. At all times relevant herein, each defendant, was a covered person or entity within the meaning of New York Labor Law §§ 2, 215 and 651.

57. Defendant Freeport Pancake, demoted plaintiff, in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant policy and requirement of reducing employees' overtime wages by reducing the overtime hours already worked.

58. Defendant WPS, discharged/terminated plaintiff, in retaliation and discrimination and in violation of the NYLL § 215 for engaging in protected activity such as opposing and complaining in good faith about defendant's failure to pay him overtime wages and not allowing him his lunch break. Defendant WPS' discharge of plaintiff was accelerated and hastened by defendant's prior opposition to defendant Freeport Pancake's improper reduction of and failure to pay employees all their overtime wages – Mr. Daniel Chun was the person who demoted plaintiff at Freeport Pancake and was the person to discharged plaintiff at defendant WPS and Mr. Chun owns and controls Freeport Pancake as well as WPS.

59. A notice of this action was provided to the NYS Attorney General pursuant to NYLL § 215 prior to the filing of this action.

### Relief Demanded

60. Each defendant's New York Labor Law violations, have caused and proximately caused plaintiff to suffer damages and plaintiff is entitled to recover from defendant all his damages, including his lost wages such as back pay and front pay in lieu of reinstatement, maximum liquidated damages, emotional distress and pain and suffering, attorneys' fees, and costs of the action, pursuant to NYLL including § 215.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

61. Declare defendants (including their overtime and wage payment policy and practice) to be in violation of the rights of plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq., as well as 29 USC § 215 and NYLL § 215.

62. As to the **First Cause of Action**, award Plaintiff, his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

63. As to the **Second Cause of Action**, award Plaintiff, his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

64. As to the **Third Cause of Action**, award Plaintiff, any and all outstanding (additional) wages, including overtime wages, maximum liquidated damages and prejudgment interest on all wages paid late, plus costs, disbursements and attorney's fees pursuant to NYLL § 198.;

65. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

66. As to the **Fourth Cause of Action**, award Plaintiff pursuant to FLSA including 29 USC § 215, 216 all his damages recoverable under 29 USC § 215, 216, including his loss of income such as back pay and front pay in lieu of reinstatement, maximum liquidated damages, costs and attorneys' fees.

67. As to the **Fifth Cause of Action**, award plaintiff pursuant to NYLL including § 215 all his damages recoverable under NYLL 215, including his loss of income such as back pay and front pay in lieu of reinstatement, past and future pain and suffering such and mental suffering and anguish, maximum liquidated damages, costs and attorneys' fees.

68. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
August 21, 2012

Respectfully submitted,

*/s/ Abdul Hassan*

Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue
Queens Village, NY 11427
Tel: (718) 740-1000
*Counsel for Plaintiff*