# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

**Abdul K. Hassan, Esq.**
Email: abdul@abdulhassan.com
*Employment and Labor Lawyer*

Tel: 718-740-1000
Fax: 718-740-2000
Web: www.abdulhassan.com

**February 13, 2014**

**Via ECF**

Hon. Joanna Seybert, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722
Tel: 631-712-5610

"ORDER"
12 CV 4199

Re: <u>Dorian Cheeks v. Freeport Pancakes et al</u>
Case #: 12-CV-4199 (JS)(ARL)
Motion to Stay and Certify Order for Appeal

Dear Judge Seybert:

I represent plaintiff in the above-referenced case and hereby make the instant motion: 1) for a stay, in the even this Court was not divested of jurisdiction with the filing of the notice of appeal; and 2) for certification of the January 24, 2014 order for appeal. Plaintiff hereby incorporates the petition for certiorari (Ex. 1) in <u>Cabrera v. Nassau Medical Services</u>.

**1. This Action Should be Stayed Pending Appeal**

In <u>re World Trade Center Disaster Site Litigation</u>, 503 F.3d 167, 170 (2d Cir., 2007), the Second Circuit set forth the following standard for a stay pending appeal:

> The four factors to be considered in issuing a stay pending appeal are well known: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; [FN1] (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

1

parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); see Cooper v. Town of East Hampton, 83 F.3d 31, 36 (2d Cir.1996). We have applied these same factors in considering whether to vacate a stay. See Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir.2002). We have also noted that the degree to which a factor must be present varies with the strength of the other factors, meaning that " 'more of one [factor] excuses less of the other.' " Thapa v. Gonzales, 460 F.3d 323, 334 (2d Cir.2006) (quoting Mohammed, 309 F.3d at 101).

In Mohammed v. Reno, 309 F.3d 95, 100-101, the Second Circuit explained that the likelihood of success factor can be satisfied where there is a "reasonable" chance of success or "a probability of [the movant's] prevailing that is better than 50 percent." Moreover, the analysis of the first factor is impacted by whether the stay is sought in the district court – obviously, a district court would not have ruled the way it did if it believed its ruling was legally wrong and was likely to be reversed on appeal. In this regard, the Second Circuit, in Mohamed, 309 F.3d at 101, fn 8, stated that:

> Judge Sofaer, considering whether a district court should grant a stay pending appeal, was properly concerned about setting too high a standard, mindful of the fact that in such circumstances the trial judge is being asked to assess the likelihood that the ruling just made will be rejected on appeal. See Hayes, 503 F.Supp. at 963.

Here, at minimum, plaintiff has a reasonable chance of success on the merits, and in fact, the chances seem even better. In Hester Industries, Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 - 917 (2d Cir. 1998), the Second Circuit stated in relevant part as follows:

> The judge's signature on the stipulation did not change the nature of the dismissal. Because the dismissal was effectuated by stipulation of the parties, the court lacked the authority to condition dismissal on compliance with the Agreement. See Republic of Philippines v. Westinghouse Elec. Corp., 43 F.3d 65, 81 n. 21 (3d Cir.1994) ("[U]nder Fed.R.Civ.P. 41(a)(1)(ii), parties to a civil action may stipulate to a dismissal of an action at any time. A court has no authority to disapprove or place conditions on any such dismissal."); In re Wolf, 842 F.2d 464, 466 (D.C.Cir.1988) (per curiam) (" '[C]aselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of

> dismissal is effective automatically and does not require judicial approval.' ")
> (quoting Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir.1984)).

Moreover, there is nothing in the FLSA which states that the FLSA is an exception to Rule 41 and there is no Supreme Court, Second Circuit or other court of appeals precedent holding as such. In fact, the majority of judges in the EDNY and SDNY still allow parties to dismiss FLSA cases by stipulation under Rule 41 – without court approval. Of the minority that currently do not, almost all of them did not require court approval before – this change of position is difficult to understand because the relevant parts of the FLSA have not changed. Notably, in what is probably the first published opinion to carefully examine the role of Rule 41 in FLSA cases, Judge Cogan in <u>Picerni v. Bilingual Seit & Preschool Inc.</u>, 925 F.Supp.2d 368 (E.D.N.Y. 2013), reversed his position and stated in relevant part as follows:

> although I have ruled to the contrary in the past, I have come around to the view that the procedure of a court requiring approval before it permits parties to voluntarily dismiss an FLSA action is incorrect.

As to the second factor, the absence of a stay will also cause irreparable harm to plaintiff. With the filing of the stipulation of dismissal, the case was over and or so the parties expected. In the absence of a stay, the parties will be forced to engage in additional litigation against their wishes and at significant additional costs, delays and uncertainties. In fact, given that the settlement agreement in this action contains a confidentiality provision it will be rejected by this Court under Judge Seybert's precedents and the case will back in discovery and further litigation, expense and delays against the wishes of the parties. In <u>Palazzolo v. Eugene Pezzollo DMD</u> 2014 WL 112396, 1 (E.D.N.Y.,2014), for example, Judge Seybert stated in relevant part as follows:

> Unfortunately, this case and a settlement agreement have been pending on the Court's docket for quite some time without resolution. Although the Court apologizes for the delay, it cannot approve the Settlement Agreement and close the case at this time.

> The parties have submitted a Settlement Agreement requiring judicial approval in this Fair Labor Standards Act ("FLSA") action. ( See Docket Entry 15.) However, although the parties have filed the agreement on the public docket, it contains a confidentiality provision.

The absence of a stay may also adversely impact the appeal and impair the Second Circuit's ability to properly review the subject order.

As to the third factor, defendant will not suffer any harm much less substantial harm. In fact, defendant will benefit greatly from a stay because it will not be forced to engage in additional litigation, expense, delays and uncertainty – both parties agreed to end this case and litigation with the filing of a stipulation of dismissal. Additionally, the stay is likely to be relatively short in duration. We intend to file a brief in the Second Circuit within weeks instead of the usual months. Given the purely legal nature of the issue, oral arguments and decision may take months instead of years in the Second Circuit.

As to the fourth factor, public interest is very important in our context. Courts that prevent parties from dismissing FLSA cases under FRCP 41 have cited the special public policy and public interests embodied in the FLSA. As such, a stay allowing for a decision from the Second Circuit necessarily serves the public interest in the context of this case. Significantly, however, the public interest warrants a stay for several other reasons. It is not in the public interest for courts to act without jurisdiction or in violation of the rights of litigants as a matter of policy and practice, especially when doing so inflicts significant financial costs, delays and uncertainty on the parties and public. Here, members of the public such as plaintiff and defendant suffer along with taxpayers and the courts. As laid out in the attached petition for certiorari (Ex. 1), given the large number of FLSA cases, approval hearings/motions/proceedings impose a significant financial cost on the federal judiciary that is already overburdened with cases and underfunded. A stay will facilitate the appeal in this case that may produce a ruling

4

likely to eliminate the significant burdens that are now being placed on the parties, the public and the judiciary.

Cases like the instant one where the parties have settled but are being forced to continue, are especially well suited for stays pending appeal. In U.S. S.E.C. v. Citigroup Global Markets Inc., 673 F.3d 158 (2d Cir. 2012), for example, the settlement that would have ended the case was rejected by the district court and the parties were directed to continue litigation. The Second Circuit issued a stay. Here, the filed stipulation of dismissal that should have ended the case was rejected by the district court which also directed the parties to continue with the case in the form of submitting materials for approval and with the prospect that discovery will be resumed and the parties pushed to trial against their wishes. Even more compelling here than in Citigroup, there is a serious question under Hester as to whether the district court was acting without jurisdiction following the filing of the stipulation of dismissal. A stay pending appeal should be granted.

## 2. COURT SHOULD CERTIFY ORDER FOR APPEAL

Under Hester, this Court's January 24, 2014 order was made in the absence of jurisdiction. As such, said order is appealable. See Rinieri v. News Syndicate Co., 385 F.2d 818, 821-822 (2d Cir., 1967) (district judge "lacked jurisdiction to act and this order is appealable."). Nonetheless, as an alternative or additional basis of appellate jurisdiction, plaintiff respectfully requests that this Honorable Court certify its January 24, 2014 order and any order resulting from this motion, for appeal to the Second Circuit pursuant to 28 U.S.C.A. § 1292 (b), which allows for certification:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

This case presents ideal grounds for certification. Here, it is undisputed that judges are split on the issues that are the subject of the January 24, 2014 order and the underlying motion – this Court itself noted the split in its January 24, 2014 order. As to the second criterion for certification, it is also undisputed that an appeal not just "may" but "will," "materially advance the ultimate termination of the litigation," where as here, a ruling in plaintiff's favor on appeal will give effect to the stipulation of dismissal and terminate this action.

Certification will be extremely helpful not only to this Court but to all federal judges in the Second Circuit, as well as the employees, employers and lawyers who are involved in FLSA cases. Certification will provide much needed guidance from the Second Circuit on issues that consume significant resources and time at the district court level given the high and increasing number of FLSA cases in the district courts. (See Ex. 1). Given this Court's objective role, credibility and prestige, its certification will significantly enhance the chances of obtaining binding guidance from the court of appeals on issues that greatly affect the parties, the courts and the public. This Court should take the lead and certify its order for appeal because of other compelling reasons as well. Specifically, in situations like these, attorneys are very afraid to oppose the district judge. I know of no attorney, either on the plaintiff side or defense side, who believes that the FLSA is an exception to Rule 41. Yet, it seems the fear of direct or indirect retribution, whether real or imagined, is preventing parties and their lawyers from speaking up. This type of fear is not uncommon and its existence has been recognized. Several years ago, as I recall, New York adopted a rule requiring attorneys to notify NYS Supreme Court justices if they were not in compliance with the requirement that motions be decided within sixty days. The NY authorities, based upon complaints from the bar, recognized that attorneys were fearful of

retribution, and the notification rule was modified. Certification is appropriate in the circumstances of this case and the issues presented.

It should be made clear that the fact that lawyers may fear retribution does not mean that judges will in fact seek retribution. Judge Seybert is a respected federal judge who understands the right of parties to appeal and that the exercise of that right is not a personal affront to the district judge and should not be unduly burdened in any way. In making this motion to the district court and not to the court of appeals at this time, we are equally confident the Court will treat the motion on the merits, and like Judge Cogan in Picerni, will not hesitate to correct a practice if it now believes such practice is contrary to law.

In conclusion, plaintiff kindly requests a ruling from this Court: 1) certifying for appeal pursuant to 28 USC § 1292(b) this Court's January 24, 2014 order and any order resulting from this motion; and 2) staying the instant action pending the outcome of this motion and the pending appeal.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan
By: Abdul K. Hassan, Esq., Esq. (AH6510)
*Counsel for Plaintiff*

cc:     **Defense Counsel via ECF**

> This matter is certified for appeal pursuant to 28 U.S.C. § 1292(b) and the instant action is stayed pending the outcome of this motion and the pending appeal.

SO ORDERED:
/s/ JOANNA SEYBERT
Joanna Seybert, USDJ
Dated: Feb. 19, 2014
Central Islip, NY

7