# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~

**Abdul K. Hassan, Esq.**                                    Tel: 718-740-1000
Email: abdul@abdulhassan.com                           Fax: 718-740-2000
*Employment and Labor Lawyer*                      Web: www.abdulhassan.com

**February 21, 2016**

**Via ECF**

Hon. Joanna Seybert, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722
Tel: 631-712-5610

<u>Re: Dorian Cheeks v. Freeport Pancake House Inc., et al</u>
Case No.  12-CV-4199 (JS)(ETB)
Motion for Settlement Approval

Dear Judge Seybert:

My firm represents plaintiff Dorian Cheeks ("Plaintiff" or "Cheeks") in the above-referenced action, and I respectfully write to seek approval of the settlement of this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), and Your Honor's order requiring court approval of the settlement. Defendants and Plaintiff all join in urging this Court to approve the settlement as fair and reasonable to Plaintiff – Plaintiff writes in support of the motion. A copy of the fully executed settlement agreement is attached hereto as Exhibit 1. After the Second Circuit's decided the appeal in this action, the parties revised the settlement agreement to remove the confidentiality provision as required by Judge Seybert's precedents.

The facts and allegations are set forth more fully in the complaint. In essence, however, Plaintiff brought claims for unpaid overtime wages and wrongful termination under the FLSA and NYLL. Defendants denied Plaintiff's allegations of wrongdoing. After a period of discovery the parties reached a settlement of the action. In the course of discussions, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Defendants took the position that Plaintiff was a salaried manager and therefore exempt from the overtime protections of the FLSA and NYLL. Defendant also disputed the hours claimed, and maintained that Plaintiff was properly paid for all hours work.

1

In light of the disputed issues, the factual and legal strengths and weaknesses, and after much deliberations and arms' length negotiations by experiences counsel on both sides, the parties agreed to a settlement where Plaintiff is receiving $3,500 in wages and $3,500 in liquidated damages. Under the settlement Plaintiff' counsel is receiving reimbursement for costs in the amount of $4, 874.97 – representing $350 in district court filing fees, $120 in service of process costs, $505 in Second Circuit filing costs, $578.39 in costs for printing Second Circuit briefs, and $3321.58 in costs for printing and filing the petition for certiorari with the U.S. Supreme Court. After deducting these costs, Plaintiff's counsel is receiving $4, 125.03 in legal fees for the more than 200 hours he expended on this case. As this Court is aware, this turned out to be a history-making case that involved a trip to the Second Circuit and a cert petition with the U.S. Supreme Court, and resulted in the first decision by a Court of Appeals on the issue of whether stipulated dismissals with prejudice under Rule 41, require court approval.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC


 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:    Defense Counsel via ECF**