```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------X
DORIAN CHEEKS,

                        Plaintiff,
                                             ORDER
           -against-                         12-CV-4199(JS)(ARL)

FREEPORT PANCAKE HOUSE, INC.,
and W.P.S. INDUSTRIES, INC.,

                        Defendants.
--------------------------------------X
APPEARANCES
For Plaintiff:      Abdul Karim Hassan, Esq.
                    Law Office of Abdul K. Hassan
                    215-28 Hillside Avenue
                    Queens Village, NY 11427

For Defendants:     Keith J. Gutstein, Esq.
                    Angel R. Sevilla, Esq.
                    Kaufman, Dolowich, Voluck & Gonzo, LLP
                    135 Crossways Park Drive, Suite 201
                    Woodbury, NY 11797
```

SEYBERT, District Judge:

The parties have submitted a Settlement Agreement requiring judicial approval in this Fair Labor Standards Act ("FLSA") action (the "Proposed Agreement"). (See Docket Entry 23.) Unfortunately, the Court cannot approve the parties' Proposed Agreement because (1) it contains a broad release encompassing claims that are unrelated to this action, and (2) the amount of money allocated to attorney fees and costs exceeds one-third of the total settlement amount.

District Courts in this Circuit have declined to approve FLSA settlement agreements containing releases that "are far too

sweeping to be fair and reasonable." Alvarez v. Michael Anthony George Const. Corp., No. 11-CV-1012, 2015 WL 3646663, at *2 (E.D.N.Y. Jun. 10, 2015) (holding that the settlement agreement's release was too "sweeping" where it "purport[ed] to waive any possible claim against the defendants" and was not limited to wage and hour claims or issues related to the FLSA action). See also Camacho v. Ess-A-Bagel, Inc., No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014) (rejecting a broad release in a FLSA settlement agreement where it "purport[ed] to waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues"). Indeed, wide-ranging releases are particularly problematic in FLSA cases because "'[i]n effect, the employer requests a pervasive release in order to transfer to the employee the risk of extinguishing an unknown claim . . . [but] an employer is not entitled to use an FLSA claim . . . to leverage a release from liability unconnected to the FLSA.'" Camacho, 2014 WL 6985633, at *4 (quoting Moreno v. Regions Bank, 729 F. Supp. 2d 1346, 1451 (M.D. Fla. 2010) (second ellipsis in original)). Here, the parties' broad release discharges Defendants from liability for violations of the Sarbanes-Oxley Act, the Family and Medical Leave Act, and the Fair Credit Reporting Act, among other far-flung statutes that are completely unrelated to Plaintiff's claims. The parties' release is thus overly broad and the Court

2

cannot approve the parties' settlement agreement unless the release is substantially revised or removed.

In addition, where the parties' FLSA settlement agreement provides for the payment of attorney's fees, the Court must determine whether the fee award is reasonable. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012) (citing 29 U.S.C. § 216(b)). While the range of reasonableness for the approval of attorney's fees is greater where the parties reached a settlement through negotiation, the Court is still obligated to "carefully scrutinize the settlement and the circumstances in which it was reached, if only to ensure that 'the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients.'" Id. (quoting Cisek v. Nat'l Surface Cleaning, Inc., 954 F. Supp. 110, 111 (S.D.N.Y. 1997) (alterations in original)). Accord Misiewicz, 2010 WL 24545439, at *5.

The parties' settlement agreement in this case reflects that Plaintiff will receive $7,000 from Defendants to settle this action, while Plaintiff's counsel will receive $9000 in "legal fees costs and disbursements." (Proposed Settlement Agreement, Docket Entry 23-1, at 1.) It is presumptively unreasonable for Plaintiff's attorneys to receive more money in attorney fees than Plaintiff will receive as compensation. See Flores v. Food Express Rego Park, Inc., No. 15-CV-1410, 2016 WL 386042 (E.D.N.Y. Feb. 1,

3

2016) (rejecting counsel fees of 40% of the total settlement); Zhang v. Lin Kumo Japanese Restaurant, Inc., No. 13-CV-6667, 2015 WL 5122530 (S.D.N.Y. Aug. 31, 2015). (Denying the requested counsel fee representing 37% of the settlement fund, granting counsel fees representing 33% of the settlement, and noting that "[e]xcept in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.") Plaintiff's counsel explains in a letter that they spent $4,874.97 in costs on this action, which reduces the counsel's actual attorney fee award to $4,125.03, less than a third of the total settlement amount. However, counsel fails to explain whether the costs incurred in connection with their recent appeal to the Second Circuit, which amounted to $3,321.58, reduced the amount Plaintiff otherwise should have received in this case as compensation. Moreover, since Plaintiff's counsel fails to provide any information to assist the Court in determining whether Plaintiff's anticipated settlement amount is reasonable in light of Plaintiff's claims, the Court cannot approve counsels' award for attorney fees and costs without additional information.

        Accordingly, the parties may either: (1) file on the public docket a revised Agreement that does not include a "sweeping" general release and clarifies the parties' contemplated award for attorney fees and costs or (2) file a letter indicating

their intention to abandon their settlement and continue to litigate this action.  The parties are directed to take one of the above-mentioned actions within thirty (30) days of the date of this Order.

                                                SO ORDERED.

                                         /s/ JOANNA SEYBERT_____
                                         Joanna Seybert, U.S.D.J.

Dated:    April 29, 2016
           Central Islip, NY