```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DORIAN CHEEKS,

                    Plaintiff,
                                              ORDER
         -against-                            12-CV-4199(JS)(ARL)

FREEPORT PANCAKE HOUSE, INC., and
W.P.S. INDUSTRIES, INC.,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Abdul Karim Hassan, Esq.
                    Law Office of Abdul K. Hassan
                    215-28 Hillside Avenue
                    Queens Village, NY 11427

For Defendants:     Keith J. Gutstein, Esq.
                    Angel R. Sevilla, Esq.
                    Kaufman, Dolowich, Voluck & Gonzo, LLP
                    135 Crossways Park Drive, Suite 201
                    Woodbury, NY 11797
```

SEYBERT, District Judge:

Plaintiff Dorian Cheeks ("Plaintiff") filed a letter on May 31, 2016, asking the Court to accept the parties' stipulation of dismissal "without prejudice" and to close this case. (Docket Entry 26.) Plaintiff states in the letter that dismissing this case without prejudice obviates the need for the Court to approve a settlement agreement resolving Plaintiff's claims brought pursuant to the Fair Labor Standards Act ("FLSA") against defendants Freeport Pancake House, Inc. and W.P.S. Industries, Inc. (together, "Defendants").

After the parties sought to settle this case without judicial approval, Plaintiff appealed the Court's Order to Show Cause directing the parties to file their settlement agreement on the public docket so that the Court could determine whether the settlement was reasonable. (Order to show Cause, Docket Entry 17.) The Second Circuit Court of Appeals subsequently ruled that, pursuant to Federal Rule of Civil Rule 41(a)(1)(A)(ii), "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 204 (2d Cir. 2015), cert. denied, 136 S. Ct. 824, 193 L. Ed. 2d 718 (2016). However, the Second Circuit stated in a footnote that "[a]s it is not before us, we leave for another day the question of whether parties may settle [FLSA] cases without court or DOL [Department of Labor] supervision by entering into a Rule 41(a)(1)(A) stipulation without prejudice." Id. at 204 n.2.

Plaintiff now contends that because the parties filed a stipulation of dismissal "without prejudice," the case is over and the Court need not approve the parties' settlement agreement. The Court agrees that if a plaintiff decides to dismiss a party from an FLSA dispute "without prejudice" before a settlement is reached, the dismissal is not subject to judicial review. See Hester Indus., Inc. v. Tyson Foods, Inc., 160 F.3d 911, 916 (2d Cir. 1998). It is a separate question, however, whether parties can

2

settle an FLSA claim behind closed doors and then file a stipulation of dismissal "without prejudice" to end the case, bypassing judicial approval of the settlement agreement.

It is unclear from Plaintiff's letter whether Plaintiff seeks to discontinue this lawsuit against Defendant and abandon settlement efforts, or is merely attempting to bypass the requirement of obtaining judicial approval of the settlement.

The parties are therefore directed to file a joint letter within twenty (20) days of the date of this Order clarifying whether: (1) the parties have entered into a settlement agreement and seek to have this case dismissed "without prejudice," yet still believe their settlement agreement is binding and enforceable absent judicial approval, or (2) Plaintiff seeks to abandon this lawsuit and discontinue his claims without prejudice.  If the parties take the former position, they are directed to cite legal authority in support of their position.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    September  21 , 2016
          Central Islip, New York

3