# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                            Tel: 718-740-1000
Email: abdul@abdulhassan.com                                         Fax: 718-740-2000
*Employment and Labor Lawyer*                                        Web: www.abdulhassan.com

**October 11, 2016**

**Via ECF**

Hon. Joanna Seybert, USDJ
United States District Court, EDNY
100 Federal Plaza
Central Islip, NY 11722
Tel: 631-712-5610

>            Re: Dorian Cheeks v. Freeport Pancake House Inc., et al
>                Case No.  12-CV-4199 (JS)(ETB)
>                Response to September 21, 2016 Order

Dear Judge Seybert:

      My firm represents plaintiff in the above-referenced action, and I respectfully write with the consent of Defendants in response to Your Honor's September 21, 2016 order (ECF No. 27) which stated in relevant part as follows:

> The parties are directed to file a joint letter within twenty (20) days of the date of this Order clarifying whether: (1) the parties have entered into a settlement agreement and seek to have this case dismissed "without prejudice," yet still believe their settlement agreement is binding and enforceable absent judicial approval, or (2) Plaintiff seeks to abandon this lawsuit and discontinue his claims without prejudice. If the parties take the former position, they are directed to cite legal authority in support of their position.

      By way of clarification, the parties <u>do not</u> "believe their settlement agreement is binding and enforceable absent judicial approval" under the FLSA based upon the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). In other words, the settlement agreement has the same effect under *Cheeks*, as if the parties had settled out of court without filing a case.

Based upon my experience and dealings, I believe Judge Spatt, Judge Wexler, Judge Azrack and MagistrateJudge Reyes here in the EDNY agree that settlement and dismissal without prejudice does not require court approval under *Cheeks*. See also *Jimenez v. LGL2 Bronx Portfolio LLC* et al, 15-cv-09331, ECF No. 32, (SDNY, Judge Ramos) (ruling that the parties to an FLSA settlement can "stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law, see Cheeks, 796 F.3d at 201 n.2."). Even though as this Court noted, the Second Circuit in *Cheeks* left open the question of dismissals without prejudice in FLSA cases, the Second Circuit did adopt the reasoning of the U.S. Department of Labor which seems to further support settlement and dismissal without prejudice in the absence of court approval. In this regard, the U.S. Department of Labor in *Cheeks* stated in relevant part as follows (2d Cir. Case No. 14-299, Doc No. 93, pg 12):

> These longstanding rules would be undermined if the FLSA is not considered to come within the "applicable federal statute" exception under Rule 41 insofar as the rule permits private parties to stipulate without any court approval to the dismissal *with prejudice* of their FLSA claims. Rule 41(a)(1)(B) states that if the parties' stipulation of dismissal does not otherwise specify, a Rule 41(a)(1) dismissal is without prejudice, but it permits the parties to stipulate to a dismissal with prejudice. If Rule 41(a)(1) were to permit private parties in FLSA suits to dismiss their claims with prejudice, such dismissals would preclude a plaintiff from later bringing an FLSA claim. The employee would thus be waiving FLSA rights without any court or Department of Labor oversight, an outcome that would contravene established FLSA law.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:** Defense Counsel via ECF